### REED v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. New York. May 10, 1893.)

1. CARRIERS—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.

In an action against a railroad company for injuries to a passenger it appeared that plaintiff boarded the train while it was in motion, and that when she had gotten safely on the step the brakeman pushed her so violently as to throw her down on the platform, and seriously injure her. *Held* that, however negligent plaintiff may have been in undertaking to board a moving train, such negligence in no wise contributed to the injury, which was due to the brakeman's violence, and does not affect her right to recover.

2. SAME—DAMAGES—CONTINUING INJURY.

In such action the opinion of medical experts as to the permanence and probable future effect of the injuries is competent, and damages may be allowed for such effect. Cunningham v. Railroad Co., 49 Fed. Rep. 439, followed.

At Law. Action by Martha A. Reed against the Pennsylvania Railroad Company for personal injuries. The jury found a verdict for plaintiff, which the defendant moves to set aside. Motion overruled, and judgment on verdict.

Wilmot M. Smith, (George H. Pettit, of counsel,) for plaintiff.

Robinson, Bright, Biddle & Ward, (H. G. Ward, of counsel,) for defendant.

WHEELER, District Judge. The plaintiff boarded the defendant's train while it was in motion, starting from a station in Pennsylvania. Her evidence tended to show that the conductor was calling "All aboard;" that the brakeman helped two others on, and, after she had got safely onto the steps, pushed her so violently as to throw her down upon and nearly over the platform, whereby she was seriously injured; and that she had not fully recovered from the injuries at the time of trial. Testimony of her attending physician that there was a doubt in his mind about her absolute recovery, and he could not say whether she would recover or not, was allowed to stand. The defendant claimed a verdict because the plaintiff undertook to get on the train while it was moving. This claim was denied, and the jury was charged that, if the brakeman pushed the plaintiff violently, beyond what was proper assistance, she was entitled to recover for what she had suffered in consequence of the injury done to her by this violence, and what she was likely to suffer from it thereafter. Two points are made upon this motion to set aside the verdict: One that the verdict should have been directed for the defendant because of contributory negligence in getting onto the train in motion; the other for allowing recovery for what the plaintiff was likely to suffer from the injury.

Counsel for the defendant insists that, as this case was tried in New York, the law of that state governs, and relies upon Solomon v. Railroad Co., 103 N. Y. 437, 9 N. E. Rep. 430, to show that boarding a train in motion is such contributory negligence as precludes recovery for any injury received at the time. If this is a question of local law, that of Pennsylvania would seem to control as to what would constitute an actionable injury. But, however that may be, the case was tried upon the theory that the plaintiff took all the risks of the moving of the train, and she did not recover for their consequences, but for those of the violence. She did not contribute to that. If she put herself in danger she was entitled to freedom from assault or violence either during the danger or after it had passed. Negligence defeats recovery only for injuries it contributes to. Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. Rep. 653; Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. Rep. 679.

The other question was considered in Cunningham v. Railroad Co., 49 Fed. Rep. 439. The rulings in this case followed the decision in that, which was acquiesced in, and is deemed to have been correct. Motion overruled, and judgment on the verdict.